In re Don Carnell Lawhorn, applying for Reconsideration of this court’s action dated September 17, 2003, from Orleans Parish Civil District Court, No. 2003-13064, to the Fourth Circuit Court, Nos. 2003-C-1610 and 2003-CA-1615.
Reconsideration denied.
CALOGERO, C.J., concurs in the denial and assigns reasons.
LCALOGERO, Chief Justice, concurs in the denial of the application for reconsideration.
The law and our corresponding rule, La. Rev.Stat. 18:1409(G) and La. Sup.Ct. Rule X, § 5(c), specifically require that the application for certiorari be filed in this court within forty-eight hours after judgment is rendered by the court of appeal. The court of appeal in this case rendered its judgment on September 10, 2003, and that judgment was stamped filed by the clerk of court at 4:40 p.m. that date. Relator filed his application in this court at 5:06 p.m. on September 12, 2003. Thus, his application was not timely filed and was not considered. Smith v. Lawhorn, 03-2591 (La.9/17/03), 853 So.2d 612.
In his application for reconsideration, relator contends the court of appeal’s judgment was faxed to him at 5:04 or 5:05 p.m. on September 10, 2003, as revealed by the facsimile date/time stamp from the court of appeal, and that this was his official notification of the judgment. Thus, he argues that he timely filed his application in this court at 5:04 p.m. on September 12, 2003. However, the statute and our rule require that the application be filed within forty-eight hours of the rendition of the court of appeal’s judgment. Relator knew or should have known that the court of appeal judgment had been rendered at some time prior to the time the judgment was faxed to him by the court of appeal, and it was incumbent upon relator | gto ascertain the time of rendition so as to file his application in this court in a timely manner pursuant to the statute and our rule. Accordingly, I concur in the denial of relator’s application for reconsideration.